IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MAJOR FLEMING,
          Plaintiff,

v.                                              Civil Action No. 3:22cv210

SHAWN T. RIVARD, et al.,
          Defendants.

## OPINION

Major Fleming sues the Virginia State Police for using cameras and electronic devices to surveil him and interfere with his cellular phone. He brings a claim against the Virginia State Police Aviation Units ("VSP"), as well as troopers Shawn T. Rivard and Vince J. Macano, for violating his Fourth Amendment rights. Fleming seeks relief in the form of disciplinary action, termination, or jail time for the defendants.

The defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 4.) Because the Eleventh Amendment bars Fleming's claim against the VSP and because Fleming lacks standing to sue Rivard and Macano, the Court will grant the defendants' 12(b)(1) motion without addressing whether Fleming has stated a claim upon which the Court can grant relief.

## I. LEGAL STANDARD

When the plaintiff appears pro se, as Fleming does here, courts do not expect him to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* The district court need not "conjure up questions [or facts]

never squarely presented" or assume the "improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "When a defendant makes a facial challenge to subject matter jurisdiction . . . the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## II. FACTS ALLEGED IN THE COMPLAINT

Fleming's complaint is brief. In part, it reads:

> Shawn T Rivard, Vince J Macano and Virginia State Police Aviation Units usage of Flir[1] camera or stingray[2] and dirtboxes[3] frequency on me and my cell phone at home and while at work to violate the Fourth Amendment on a daily and nightly basis in Virginia and follow me out of Virginia.

(ECF No. 1, at 4.) According to Fleming, the defendants are "still violating [his] Fourth Amendment rights at home and work and using Flir camera, stingray and dirtboxes." (*Id.*)

---

[1] FLIR is an acronym for "Forward Looking Infrared," a thermal imaging technology. Thermal imaging cameras detect heat, not visible light. *See Kyllo v. United States*, 533 U.S. 27, 29 (2001).

[2] The StingRay, one of many variants of International Mobile Subscriber Identifier ("IMSI") catchers, deceives nearby cell phones into believing that the StingRay is a cell tower. *See* Brian L. Owsley, *Triggerfish, StingRays, and Fourth Amendment Fishing Expeditions*, 66 Hastings L.J. 183, 185 (Dec. 2014).

[3] The DRTbox ("Dirtbox"), named after its manufacturer, Digital Receiver Technology, Inc., is another IMSI catcher. *See* Jonathan Bard, Note, 57 B.C. L. Rev. 731, 749 (Mar. 2016).

2

## III. DISCUSSION[4]

### *A. Eleventh Amendment Immunity*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment also protects state agencies, including state law enforcement departments like the VSP, from private lawsuits. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

None of the three limited exceptions to Eleventh Amendment immunity apply here. First, Congress may abrogate Eleventh Amendment immunity, but "only by making its intention unmistakably clear in the language of the statute." *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985), *superseded on other grounds by* 42 U.S.C. § 2000d-7). Congress has not done so here: section 1983 does not authorize lawsuits against states or their officials in their official capacities. *Will*, 491 U.S. at 66.

Nor does the second exception, state waiver of sovereign immunity, apply because Virginia has not waived its Eleventh Amendment immunity. *See McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987).

---

[4] The Court construes Fleming's complaint as raising claims under § 1983, *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (finding that the statutory language of § 1983 compels a broad construction), and evaluates Fleming's claims against the two troopers in their individual capacities because Fleming fails to allege that they acted in accordance with any governmental policy or custom, *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) ("[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity.").

Third, the *Ex parte Young* exception for injunctive relief does not apply to a suit against a state agency. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("The doctrine of *Ex parte Young* . . . has no application in suits against the States and their agencies, which are barred regardless of the relief sought.").

Because none of the exceptions to Eleventh Amendment immunity apply, the Eleventh Amendment bars Fleming's claim against the VSP.[5]

### B. Standing

Fleming's individual capacity claims against Rivard and Macano fail because he does not establish standing. "To establish Article III standing . . . , a plaintiff must 'allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct" and that (3) the Court can redress. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992)). The party invoking federal jurisdiction bears the burden of demonstrating that he has standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021) (citing *Lujan*, 504 U.S. at 561).

In this case, the Court cannot redress Fleming's alleged injury. To establish redressability, "[the] plaintiff must show that the court has the power to grant the plaintiff's requested relief." *Buscemi v. Bell*, 964 F.3d 252, 259 (4th Cir. 2020). Fleming fails to make this showing: even if he prevailed, the Court cannot order administrative punishment of civil defendants or the initiation of criminal proceedings against them. *See Stout v. Haight*, No. 7:18cv402, 2020 WL 4937125, at *1 n.1 (W.D. Va. Aug. 24, 2020) (advising that termination of employees is not available relief

---

[5] To the extent Fleming intended to sue Rivard and Macano in their official capacities, the Eleventh Amendment likewise bars such claims. *See Will*, 491 U.S. at 71 (holding that "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself").

4

under § 1983); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). With no redressable injury, Fleming has no standing against Rivard and Macano and his claims against them must fail.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Despite Fleming's pro se status, the Court will not allow him an opportunity to amend his complaint because, for all the reasons explained above, any such amendment would be futile. *See Shurland v. Edwards*, No. 3:19cv92, 2019 WL 3646768, at *8 (E.D. Va. Aug. 6, 2019).

The Court will enter an appropriate Order.

Should Fleming wish to appeal this Opinion, he must file a written notice of appeal with the Clerk of Court in the U.S. District Court for the Eastern District of Virginia within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 28 Jul 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge